Jahotman SIHOTANG, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 10–70315.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 8, 2012.*

Filed Aug. 14, 2012.

Albert C. Lum, Sr., Esquire, Law Office of Albert C. Lum, Pasadena, CA, for Petitioner.

Anthony W. Norwood, Senior Litigation Counsel, U.S. Department of Justice, Shahrzad Baghai, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, BERZON, and IKUTA, Circuit Judges.

MEMORANDUM **

Jahotman Sihotang, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for an abuse of discre-

---

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion the BIA's denial of a motion to reconsider, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), and we review de novo constitutional challenges to a statute, *Munoz v. Ashcroft*, 339 F.3d 950, 954 (9th Cir.2003). We deny in part and dismiss in part the petition for review.

The BIA denied Sihotang's motion as untimely. Sihotang does not contest this dispositive finding.

Moreover, the BIA did not abuse its discretion in denying Sihotang's motion on the alternative grounds that, even as an Indonesian Christian, Sihotang failed to make a prima facie showing of any individualized risk to establish a clear probability of persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1055–56 (9th Cir.2009); *Halim v. Holder*, 590 F.3d 971, 979 (9th Cir.2009). We do not consider Sihotang's argument that he was persecuted on account of his Chinese ethnicity because he raises it for the first time before this court.

We lack jurisdiction to review Sihotang's contentions related to asylum because his motion to reconsider only raised his withholding of removal claim. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004). Sihotang's due process claim related to asylum fails for the same reason.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.